IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ONTEL PRODUCTS CORPORATION,       )
                                  )
            Plaintiff,            )
                                  )
      v.                          )      Civil Action No. 1:21cv1452 (MSN/JFA)
                                  )
THE UNINCORPORATED                )
ASSOCIATIONS IDENTIFIED           )
IN SCHEDULE A,                    )
                                  )
            Defendants.           )
_____)

### PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to

Federal Rule of Civil Procedure ("FRCP") 55(b)(2).  (Docket no. 81).  Plaintiff Ontel Products

Corporation ("plaintiff" or "Ontel") seeks entry of default judgment against 187 of the remaining

defendants in this litigation.[1]  Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate

judge is filing with the court his proposed findings of fact and recommendations, a copy of

which will be provided to all interested parties.

### Procedural Background

On December 31, 2021, plaintiff filed a verified complaint against two hundred and

eleven (211) individuals and business entities located in China and elsewhere outside the United

---

[1] Schedule A to the complaint included 211 named defendants.  (Docket no. 6).  Ten defendants have been dismissed by voluntary or stipulated dismissal.  (Docket nos. 55, 75).  Plaintiff requested and was granted a Clerk's Entry of Default as to the remaining 201 defendants (Docket nos. 77, 80), but plaintiff seeks an entry of default judgment against 187 defendants, which appears to leave 14 defendants unaccounted for.  The motion indicates that plaintiff is seeking a default judgment against those defendants with whom it has not reached a settlement.  (Docket no. 81 at 1 n.1).

States alleging trademark infringement and counterfeiting (Count I) and false designation of origin and unfair competition (Count II) under the Lanham Act, and patent infringement (Count III). (Docket no. 1). Plaintiff also filed an accompanying motion for leave to file under seal and/or redacted certain documents and temporarily proceed under a pseudonym for good cause (Docket no. 2), which the court granted on January 11, 2022 (Docket no. 31). Plaintiff filed separately an *ex parte* motion for temporary asset restraint and expedited discovery to freeze the assets of defendants' PayPal, Wish and Alipay accounts and to obtain additional information concerning those defendants' identities, the amounts and locations of the profits of defendants' counterfeiting and infringement, and the scope of defendants' activities (Docket no. 15), which the court granted on January 14, 2022 (Docket no. 32). Plaintiff also filed a motion for order authorizing service of process by email as to certain defendants (Docket no. 18), which the court granted on January 21, 2022 (Docket no. 34).

On January 26, 2022, plaintiff filed an *ex parte* motion to extend the temporary restraining order (Docket no. 36), which was granted the next day (Docket no. 41). On February 10, 2022, plaintiff filed a second *ex parte* motion to extend the temporary restraining order (Docket no. 46), which was granted that same day (Docket no. 51). On February 25, 2022, plaintiff filed a notice of dismissal without prejudice as to certain defendants (Docket no. 52), and the court dismissed those defendants on February 28, 2022 (Docket no. 55). On March 1, 2022, plaintiff filed a motion to file an amended complaint without the use of the prior pseudonym. (Docket no. 56). Plaintiff's motion was granted on March 2, 2022 (Docket no. 58), and plaintiff filed an amended complaint in the public record later that day disclosing its identity (Docket no. 59).

On March 28, 2022, plaintiff filed a motion for entry of a preliminary injunction (Docket no. 67), which was granted on April 4, 2022 (Docket no. 76).  On March 29, 2022, plaintiff filed a certification of service confirming that defendants were served by email on March 28, 2022 with copies of the amended complaint, summons, and plaintiff's motion for preliminary injunction.  (Docket nos. 71, 72).  That same day, plaintiff also filed a stipulation of dismissal without prejudice as to a certain defendant (Docket no. 73), and the court dismissed the defendant on March 31, 2022 (Docket no. 75).

On April 27, 2022, plaintiff filed a request for entry of default against the remaining defendants (Docket no. 77), which the Clerk of Court entered on May 3, 2022 (Docket no. 80). On July 8, 2022, plaintiff filed a motion for entry of default judgment, a memorandum in support, and a waiver of hearing.  (Docket nos. 81–83).  On July 11, 2022, the court ordered plaintiff to file a notice of hearing on the motion for default judgment for a Friday at 10:00 a.m. and to file a certificate of service confirming that defendants were served with copies of the motion for default judgment, memorandum in support, and notice of hearing.  (Docket no. 85). On July 12, 2022, plaintiff filed a notice of hearing on its motion for default judgment for Friday, August 12, 2022 at 10:00 a.m.  (Docket no. 86).  On July 13, 2022, plaintiff filed a certificate of service confirming only that counsel electronically filed the relevant pleadings and that no counsel had entered an appearance on behalf of defendants.  (Docket no. 88).  On July 14, 2022, the court ordered plaintiff to email a copy of its motion for default judgment, memorandum in support, and notice of hearing to each remaining defendant and to file a certificate of service confirming that it had complied with the court's order.  (Docket no. 89).  On July 19, 2022, plaintiff filed a certification of service confirming that the remaining defendants were served by email on July 14, 2022 with copies of the motion for default judgment pleadings and notice of

hearing.  (Docket nos. 90, 91).  At the hearing on August 12, 2022, counsel for plaintiff appeared but no one appeared on behalf of any of the remaining defendants.

## **Factual Background**

The following facts are established in the amended complaint (Docket no. 1) ("Am. Compl.").  Plaintiff is a New Jersey corporation with its principal place of business in New Jersey.  (Am. Compl. ¶ 10).  Plaintiff develops, produces, markets, and distributes consumer products through national direct response television advertising (also known as "As Seen On TV"), mass retail outlets across the United States, catalog companies, online, and through a network of international distributors in over thirty (30) countries worldwide.  (Am. Compl. ¶¶ 11–12).  Plaintiff has received media attention for its marketing and distribution of As Seen On TV products.  (Am. Compl. ¶ 13).

Plaintiff owns the HUGGLE and HUGGLE PETS trademarks (collectively "HUGGLE marks"), which are associated with its blanket hoodies and slipper-socks, including animal toys that convert to blanket hoodies for children.  (Am. Compl. ¶ 13).  Plaintiff uses and owns several registered and unregistered trademarks for its HUGGLE and HUGGLE PETS products.  (Am. Compl. ¶¶ 14–15).  Plaintiff claims that the HUGGLE marks "perform an important source-identifying function for Plaintiff's oversized blanket hoodies, plush slipper-socks, and animal toys that convert to blanket hoodies for children, signifying to purchasers that the products come from Plaintiff and are manufactured according to Plaintiff's high-quality standards."  (Am. Compl. ¶ 16).  Plaintiff has acquired brand loyalty through its sales and promotion, including word-of-mouth promotion by consumers, and it has expended significant time, money, and resources to develop, market, advertise, promote, and sell its HUGGLE products.  (Am. Compl.

4

¶ 16).  Plaintiff also owns several design patents issued by the United States Patent and Trademark Office ("USPTO") for its HUGGLE PETS products.  (Am. Compl. ¶¶ 17–18).

The remaining 187 defendants, listed below, are individuals and business entities who conduct business throughout the United States, including in this district, through the operation of online marketplaces (*e.g.*, eBay, Wish, and AliExpress).  (Am. Compl. ¶ 19).

| No. | Defendant Store Name | Defendant Email |
|-----|----------------------|-----------------|
| 1 | bernardgme-0 | bernardogomezperez@hotmail.com |
| 2 | bloomstore-24 | handy88882011@outlook.com |
| 3 | chadecke_8 | deckerchad1@gmail.com |
| 4 | directshopia | sales@electronicsoz.com |
| 7 | gadgets_cart | hiruekanayake72@gmail.com |
| 8 | goking-zack | gokingzack@gmail.com |
| 9 | haboutek_0 | habibaat@live.fr |
| 10 | i-shop-online-outlet | ishoponlineoutlet@gmail.com |
| 12 | kavnu0 | kavinda.nuvan.999@gmail.com |
| 14 | ousech-11 | oussama.echali@gmail.com |
| 15 | rafe-store | rafaahilf11@gmail.com |
| 17 | the-best4u | oula974@hotmail.com |
| 18 | xuzhijiestore-1 | 894098523@qq.com |
| 21 | Anshopps | antoniadpnda@gmail.com |
| 22 | efdqdqw | qie968@sina.com |
| 24 | faes | eaucnsjdogj868@gmail.com |
| 25 | Fanny skincare | qianjie10yujie@163.com |
| 26 | Floating | ggjngvchristopher71@gmail.com |
| 27 | gjvm | 3074153807@qq.com |
| 28 | Jaycjohnso | 3074153807@qq.com |
| 29 | jinyuchengyu | huajucuxu1972ynt@163.com |
| 30 | KongzouyifC | tanzhunlu31734@163.com |
| 31 | kuqilighting | mjz0907@outlook.com |
| 32 | lizhenzhen970409 | gflotzi9z8@163.com |
| 33 | LucieDeFlowerStore | luciede@qq.com |
| 34 | Motocross Tiger | 2085377255@qq.com |
| 35 | Richemont | paretooptimality@hotmail.com |
| 36 | schaef | cdsjp67zznx@163.com |
| 37 | shigang2020 | maozhipeng107@163.com |
| 38 | Sunshine clothing shop | sum0103@163.com |

| 39 | TIANJ | 2047997074@qq.com |
|----|-------|-------------------|
| 40 | wencheng88 | yewencheng75@163.com |
| 41 | WenzhaosiluhS | sfjq96@163.com |
| 42 | Zchenliang | Zchenliang |
| 43 | zltzsm | 17492810@qq.com |
| 45 | 321GO Store | hjngffd@sina.com |
| 46 | A to the Z yo Store | zmht0015@163.com |
| 47 | A-Forward Party Mask Store | newcoming14@126.com |
| 48 | Ali Dropshipping Store | liwk87932f@yahoo.com |
| 49 | AliExpress Baby Store | store07@muzhe.onaliyun.com |
| 50 | aliexpress women clothes Store | lunjunnig1@163.com |
| 51 | Ami clothes0806 Store | yangcuicanwc6@163.com |
| 52 | Annabella baby Store | annabelle2021@dingtalk.com |
| 53 | AOFUTEX Store | junielcao@foxmail.com |
| 54 | appletree Store | sure_vvfs@163.com |
| 55 | babaxing 520 Store | 498258673@qq.com |
| 56 | babble Store | guanghai85@126.com |
| 57 | Beautiful Surprise Store | huyanhuan7548@dingtalk.com |
| 58 | BeautyLady Shop Store | yangjunyong162@sina.com |
| 59 | Bellababy Store | bellababy2021@dingtalk.com |
| 61 | BlueQ Store | xushiming011@126.com |
| 62 | Bo-bo Lover Store | runfaqunf0@163.com |
| 63 | CAIDA Store | caiwu1@zghzsm.cn |
| 65 | Child education Store | 705567013@qq.com |
| 66 | ChildhoodMemory Store | 1877017729@qq.com |
| 67 | Chimpanzee Store | zhengtiaoz45659@163.com |
| 69 | CHUNJIAN Official Store | 3240564025@qq.com |
| 70 | CHUWUJU Living Store | dengdeile@outlook.com |
| 71 | CLAINTEKS<br>CLAINTEKS Apparel Store | 1322146648@qq.com |
| 72 | Combhasaki Official Store | tongjingf8@163.com |
| 73 | Comfort-home Store | a_min4u@163.com |
| 74 | CoreLong Store | chiproundstore2@aliyun.com |
| 75 | cozy life~ Store | 2066630768@qq.com |
| 76 | Cycling Shop Store | kin0li8xu7an@sina.com |
| 78 | daily life~ Store | 2639404615@qq.com |
| 79 | dailylife~~ Store | 2677073696@qq.com |
| 81 | dear~life Store | 2256957852@qq.com |
| 82 | Discoball Store | e.acevalue@gmail.com |

6

| 83 | DOONALL Direct Store | 417966255@qq.com |
| 84 | Dream 4 Ever Store | tommywxmm@gmail.com |
| 85 | Dreamhunter Apparel Store | zmht01@163.com |
| 86 | DreamHunter Sporting Store | zmht04@163.com |
| 87 | Dropship Elk Store | 3336450027@qq.com |
| 88 | Dropshippingagent Store | shira@sourcingagentpro.com |
| 89 | DropShippingChoice Store | sale3@ibeddingset.com |
| 90 | Dula-Dula Store | tongzhen04@qq.com |
| 91 | E-Buy Kids Store | tongzhen05@qq.com |
| 92 | EuerDODO Store | jiatang_88@163.com |
| 93 | Famouse Surprise Stor | supermask@dingtalk.com |
| 94 | FANHHUI Store | fan624624@foxmail.com |
| 95 | First Choices Store | wenruohan123@163.com |
| 96 | ForKid Store | xushiming0007@163.com |
| 97 | Gi.Amagi loisfit Store | 2399757796@qq.com |
| 98 | Girl's Clothes Store | yinquxulvf744@163.com |
| 99 | GoldQ Store | xushiming012@126.com |
| 100 | Goldtoy Store | shijiao0611@163.com |
| 101 | Goocheer Clothes Store | toyou5588_669@tom.com |
| 103 | Goodlife Furnitures House Store | fd01@zadwl.com |
| 104 | Gwiyeopda Official Store | chenjingzheng124@sina.com |
| 105 | Happyin Houseware Store | banguantrade@163.com |
| 106 | HeTianXia Store | moonbiffy04@163.com |
| 107 | Hey Hang Store | gangzhuuq6292@163.com |
| 109 | Honeyed Raspberry Store | baohuiyang_88@163.com |
| 110 | House Drop Shipping Store | huihu_4562@sina.com |
| 111 | House Wander Store | iweiweiluo@126.com |
| 112 | Hug Seasons Store | xmkdq008@163.com |
| 113 | hyuuga online Store | hankleee@sina.com |
| 114 | i House Store | yijiaqingjie@hotmail.com |
| 115 | ibuyonline Store | tuohai2020@126.com |
| 116 | IFOUSF&M Store | yiu334254f3d@yahoo.com |
| 117 | Imcute Factory Store | donlvo78@yahoo.com |
| 119 | JennieKim Store | kuinengs5@163.com |
| 120 | JESSIC Store | 1785971607@qq.com |
| 121 | JiaJu3A Store | n18871855548@163.com |
| 122 | Kiddie Store | tongzhen01@qq.com |
| 123 | Kigurumi Kids Store | kigurumi@dingtalk.com |
| 125 | KUBUG Outdoor Store | kubug2021@163.com |

| 126 | Lism Global Store | pzg4163584631@163.com |
|---|---|---|
| 127 | Little Bitty Official Store | ae-lb@tinaluling.com |
| 128 | Liyufan Mother&Baby Products Store Store | 449088687@qq.com |
| 129 | LLady Secret Store | zhenxiate766@163.com |
| 130 | LovelyGirls Store | dongshenglong148@sina.com |
| 131 | Luck Rabbit Store | wl61725203@163.com |
| 132 | LuluOrange Store | m17378291448@163.com |
| 133 | MacJay Store | bangpingkic057@163.com |
| 134 | Magica Women Store | hfkbxhvxkvns87@yahoo.com |
| 136 | MHORLX Legendary Store | 383401280@qq.com |
| 137 | Miniko Toy Store | 775108207@qq.com |
| 138 | MomSusy's baby Store | momsusannewbegin@outlook.com |
| 139 | Montessori Baby Store | 2281588041@qq.com |
| 140 | MOSU Store | yiwuyueyuemaoyi2@163.com |
| 141 | Newly Trend Store | km597u@163.com |
| 142 | ONE LINE FOX Official | xiaoqiqisale@hotmail.com |
| 143 | Pandora1982 Store | rangmaogecw702@163.com |
| 144 | phoebe cat Official Store | phoebe-cat@qq.com |
| 145 | Pleasant cloth Store | yw20201030@163.com |
| 146 | QQ123 Store | feixiebaik22@163.com |
| 147 | Quality life~ Store | 1829219869@qq.com |
| 148 | Realovely Store | 2144234296@qq.com |
| 149 | Seu Outdoor Store | sfsf64546wwff@sina.com |
| 150 | Shenzhen RDF Store | tomwubin@outlook.com |
| 151 | Shop2836091 Store | 409933219@qq.com |
| 152 | Shop3622155 Store | zhenglanglang06@163.com |
| 154 | Shop4390025 Store | jinglirongd@163.com |
| 155 | Shop4445037 Store | xuyicheng26@sina.com |
| 156 | Shop4517009 Store | 409349868@qq.com |
| 158 | Shop5057107 Store | yangcuicanwc6@163.com |
| 159 | Shop5138083 Store | 15650172377@sohu.com |
| 160 | Shop5157050 Store | ellaping1990@sina.com |
| 161 | Shop5243165 Store | shining1122@hotmail.com |
| 162 | Shop5246286 Store | ninetieth6@126.com |
| 163 | Shop5380101 Store | 201844837@qq.com |
| 164 | Shop5557057 Store | jasmine20191219@sina.com |
| 166 | Shop5797725 Store | jasmine20200325@sina.com |

| 167 | Shop910372114 Store | ibanguan@163.com |
|-----|---------------------|------------------|
| 168 | Shop910438090 Store | qxu17351730554@163.com |
| 169 | Shop910913003 Store | 947496086@qq.com |
| 170 | Shop911042023 Store | 2439664348@qq.com |
| 171 | Shop911062022 Store | xuyanxi6@163.com |
| 172 | Shop911120255 Store | 1323676817@qq.com |
| 173 | Shop911134167 Store | smtwhdz@sina.com |
| 174 | Shop911215010 Store | 1697970178@qq.com |
| 175 | Shop911251089 Store | shengshende_055@tom.com |
| 176 | Shop911377113 Store | tengyi1232021@163.com |
| 177 | Shop911511149 Store | lanshuihe1982@126.com |
| 178 | Si Bao Store | 2162543372@qq.com |
| 179 | SIKADING Store | sikading@163.com |
| 180 | Small Koala Store | shunhe667@126.com |
| 181 | SnowFox Store | candy_20040424@163.com |
| 182 | Suerte Happyness Store | iweiweiluo@163.com |
| 183 | Suncolourful Store | christmastree@threescat.com |
| 184 | Sunshine-Two Store | 335914662@qq.com |
| 185 | Sunshiny Goddess Store | xianjiane5014@163.com |
| 186 | Surprise Me Store | surprise01@tinaluling.com |
| 187 | SusyFashion Baby Store | dorainternation@163.com |
| 188 | sweethomesuit Store | 2985195840@qq.com |
| 189 | sweety baby~ Store | 2669557477@qq.com |
| 190 | sweety clothes Store | 3197960935@qq.com |
| 191 | TC Makeup Organizer Store | 2177449186@qq.com |
| 192 | TC XRC Store Store | tchy20210818@163.com |
| 193 | The Girl 2019 Store | qiaooes08@163.com |
| 194 | The Girl 2021 Store | qiaooes08@163.com |
| 195 | tianmei Store | mry12223333@163.com |
| 196 | TZoom Store | tongzhen02@qq.com |
| 197 | Unicornio Pijamas Store | 2076498683@qq.com |
| 198 | V-TREE TAOZONE Store | sure_vvfs@163.com |
| 199 | Waroom Shop 01 Store | 17763077686@163.com |
| 200 | WOCA Garment Store | yuchenhanbao@126.com |
| 202 | xiaoxiannv Store | yinyingdsd546@tom.com |
| 203 | YoHola Store | tongzhen03@qq.com |
| 204 | You Are So Beautiful Tonight Store | chenjingzheng126@sina.com |

| 205 | YOUFULAI Indoor & Outdoor Life Store | 1334200625@qq.com |
| 206 | Your PDR Store store | andy@hktobys.cn |
| 207 | YOYOHOME Store | 398312488@qq.com |
| 208 | YX of luggage Store | yanxikeji21@163.com |
| 209 | zakona 2bikini Store | alicia8785@hotmail.com |
| 210 | ZhiXi Xu Store | 3046652919@qq.com |

(Docket no. 81). Plaintiff alleges that each remaining defendant has offered to sell, has sold, and continues to sell counterfeit HUGGLE products with counterfeit HUGGLE trademarks to consumers within the United States, including in this district. (Am. Compl. ¶¶ 19–20). Plaintiff claims that the remaining defendants knowingly and willfully manufacture, import, distribute, offer for sale, and sell counterfeit HUGGLE products or infringe the HUGGLE PETS patents. (Am. Compl. ¶ 20).

To combat counterfeit HUGGLE products, plaintiff has initiated an anti-counterfeiting program that regularly investigates suspicious websites and online marketplace listings identified by internet sweeps and customer reports. (Am. Compl. ¶ 21). Plaintiff recently became aware of the remaining defendants' online sales of HUGGLE products and suspected that the goods were counterfeit based on the high volume and abnormally low price of the products. (Am. Compl. ¶ 22). Each listing for the goods at issue stated that they were HUGGLE products and contained images of products bearing the HUGGLE mark or exact copies of HUGGLE products. (Am. Compl. ¶ 22). Plaintiff alleges that review of the products offered by the remaining defendants confirmed that they were counterfeit. (Am. Compl. ¶ 22).

The remaining defendants primarily reside in China, and plaintiff alleges that they act in concert to sell counterfeit HUGGLE products by the thousands by utilizing similar pricing, product descriptions, sourcing, photos, and payment methods. (Am. Compl. ¶¶ 23–24, 42). The remaining defendants offer to ship and actually ship their goods into this district. (Am. Compl.

10

¶ 25).  Plaintiff alleges that the remaining defendants' goods are "cheap, low quality imitations of genuine HUGGLE products."  (Am. Compl. ¶ 26).  Plaintiff claims that the remaining defendants design their internet stores to appear to customers as authorized retailers, outlet stores, or wholesalers, and they offer "customer service" and other indicia of authenticity and security to appear legitimate.  (Am. Compl. ¶ 27).  Plaintiff has not licensed or authorized the remaining defendants to use its HUGGLE marks, and they are not authorized retailers of genuine HUGGLE products.  (Am. Compl. ¶ 27).  Plaintiff also alleges that the remaining defendants use the HUGGLE marks without authorization for search engine optimization.  (Am. Compl. ¶ 28). Plaintiff claims that the remaining defendants use various tactics to conceal their identities and evade law enforcement efforts.  (Am. Compl. ¶¶ 29–33).

Plaintiff also alleges that the remaining defendants copied plaintiff's HUGGLE PETS patent designs for convertible toy hoodies.  (Am. Compl. ¶ 36).  Plaintiff claims that the remaining defendants' designs are the same or substantially the same as plaintiff's HUGGLE PETS patents, and plaintiff has not granted a license or otherwise authorized the remaining defendants to use, sell, or import convertible toy hoodies based on the HUGGLE PETS patents. (Am. Compl. ¶¶ 38–39).

### Proposed Findings and Recommendations

FRCP 55 provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  A defendant in default admits the factual allegations in the complaint.  *See* FRCP 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed

admitted and the appropriate inquiry is whether the facts as alleged state a claim."). FRCP 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

### Joinder

A plaintiff may seek joinder of multiple defendants in one action when a plaintiff seeks relief "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and when "any question of law or fact common to all defendants will arise in the action." FRCP 20(a)(2). The Fourth Circuit has held that FRCP 20 should be construed in light of its purpose: "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)). While "[a]bsolute identity of events is unnecessary," the transaction or occurrence test of FRCP 20 permits only "reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Id.* Whether joinder of defendants is proper under FRCP 20 is a case-by-case determination committed to the sound discretion of the trial court. *Id.* The Supreme Court has discussed the meaning of "transaction" in the analogous context of counterclaims under FRCP 13(a) in finding that "transaction" is "a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926). The Eighth Circuit drew on the Supreme Court's interpretation of FRCP 13(a) in stating that "all 'logically related' events entitling a person to institute a legal

action against another generally are regarded as comprising a transaction or occurrence."
*Mosley*, 497 F.2d at 1333.

Nevertheless, a "defendant's default does not in itself warrant the court in entering a default judgment.  There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc. v. Pernites*, 200 F. App'x 257, 258 (4th Cir. 2006) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  In this case, plaintiff alleges that the remaining defendants' actions all arise from the same transaction, occurrence, or series of transactions or occurrences.  (Am. Compl. ¶ 42).  Plaintiff claims that the remaining defendants reside primarily in China and act in concert to make and distribute counterfeit HUGGLE products to the United States.  (Am. Compl. ¶¶ 23–24).  Plaintiff alleges that the remaining defendants work together to manufacture and sell counterfeit HUGGLE products, which share similar characteristics including product listings, incorrect packaging, shapes, and sizes.  (Am. Compl. ¶ 42).  Plaintiff also claims that the remaining defendants use the same internet platforms, such as eBay, Wish, and AliExpress, and describe the counterfeit HUGGLE products using similar descriptions and pictures.  (Am. Compl. ¶ 44).  The amended complaint alleges the same trademark and patent claims against all remaining defendants, thereby requiring the same legal analysis.  (Am. Compl. at 22–26).

There is no dispute that plaintiff satisfies the second prong of the joinder analysis in that the same causes of action are asserted against each remaining defendant and that the same legal analysis would apply.  It is the first prong, whether these claims arise out of the same transaction, occurrence, or series of transactions or occurrences, that requires further analysis.  Having examined the exhibits plaintiff cited, the undersigned recommends a finding that although many of the pictures and descriptions used by the remaining defendants in the listings of the counterfeit

13

products are similar, for the most part they are only as similar as any pictures and descriptions of counterfeits of the same products would be.  Moreover, the pricing structures in fact varied widely and the payment methods referenced are those commonly used in making internet purchases.  (*See* Exhibits 3–8, Docket nos. 9–14).  Furthermore, similar product sourcing would not necessarily indicate a broader conspiracy.  Many defendants could be independently selling counterfeit HUGGLE products despite having obtained those products from the same or similar sources.  The allegations and evidence plaintiff has provided only supports a conclusion that many distinct counterfeiters are using similar strategies to sell counterfeit versions of plaintiff's HUGGLE products, and they may be acquiring these counterfeit products from the same or similar sources.  Distinct individuals or entities independently selling counterfeit goods over the internet does not satisfy the transaction or occurrence requirement of FRCP 20.  *See Volkswagen AG v. Unincorporated Associations*, 2018 WL 4145080, at *2 (E.D. Va. August 30, 2018) (holding that the transaction or occurrence limitations of FRCP 20 cannot be "ignore[d] . . . simply for efficiency's sake").

It may be that some or all the remaining defendants are acting in concert in a broader counterfeiting scheme against plaintiff, but plaintiff has failed to sufficiently allege facts to justify such a finding as to all 187 of the remaining defendants.  Furthermore, plaintiff asserted in its amended complaint that all the defendants originally named in this action were acting in concert.  (Am. Compl. ¶¶ 24, 42–44).  However, plaintiff has reached a satisfactory settlement of this action with at least 10 of the original 211 defendants.[2]  (*See* Docket nos. 52, 73).  Having entered into settlement agreements with some of the original defendants belies the assertion that

---

[2] It also appears that plaintiff has reached "a satisfactory settlement" with the other 14 defendants not involved in this motion.  (*See* Docket no. 81 at 1 n.1).

all defendants are working in concert.  Accordingly, given that the amended complaint, exhibits, and other evidence only justify a finding that the majority of remaining defendants were independently selling counterfeits of plaintiff's HUGGLE products, and the settlement agreements suggest there is not a broader scheme and conspiracy to counterfeit plaintiff's HUGGLE products among all the remaining defendants, joinder may not be appropriate in this case.

However, even if joinder is not appropriate, the undersigned is recommending that any potential defects related to joinder should be disregarded in this case.  The Federal Rules of Civil Procedure "only apply to the extent they 'affect any party's substantial rights.'"  *Coach, Inc. v. 1941 Coachoutletstore.com*, 2012 WL 27918, at *4 & n.8 (E.D. Va. January 5, 2012) (quoting FRCP 61).  Furthermore, "misjoinder of parties is not a ground for dismissing an action" and the court may *sua sponte*, "on just terms," add or drop a party. *See id.* (quoting FRCP 21).  Each of the remaining defendants is individually subject to default, and "there is no prejudice to any defaulting defendant, whose liability may be established on default irrespective of the presence of any other defendant."  *Id.* (quoting *Lyons P'ship, L.P. v. D & L Amusement & Entm't*, 702 F. Supp. 2d 104, 112 (E.D.N.Y 2010)).  The undersigned recommends a finding that any defects related to joinder in this action would not affect any of the remaining defendants' substantial rights, and any correction of those defects would not be "on just terms" under FRCP 21.

### Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.  Plaintiff brings this cause of action pursuant to the Lanham Act (15 U.S.C. §§ 1114, 1125(a)) and federal patent laws (35 U.S.C. §§ 101, *et seq.*) and alleges that this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal

question), 1338 (civil action arising under any Act of Congress relating to patents and trademarks), and 15 U.S.C. § 1121 (actions concerning a mark registered in the U.S. Patent and Trademark Office). (Am. Compl. ¶¶ 1–2, 6).

Plaintiff alleges that this court has personal jurisdiction over the remaining defendants because they have committed and continue to commit acts of infringement in this district and place infringing products into the stream of commerce with the knowledge or understanding that such products are sold in this district. (Am. Compl. ¶ 8). The court can exercise personal jurisdiction when a defendant "(1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002). This court has personal jurisdiction over the remaining defendants because they used internet stores through which residents of this district could purchase products that could then be shipped to this district, and, in fact, defendants actually shipped counterfeit HUGGLE products to this district. (Am. Compl. ¶¶ 19, 25, 34; Exhibits 6–8, Docket nos. 12–14); *see, e.g.*, *Thousand Oaks Barrel Co., LLC v. Deep South Barrels LLC*, 241 F. Supp. 3d 708, 716 (E.D. Va. 2017). Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omission giving rise to the claims occurred in this district. (Am. Compl. ¶ 9).

Accordingly, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over the remaining defendants, and that venue is proper in this court.

**Service**

FRCP 4(f) authorizes service on an individual in a foreign country by three means:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: . . . or
>
> (3) by other means not prohibited by international agreement, as the court orders.

FRCP 4(f) "does not denote any hierarchy or preference of one method of service over another." *BP Prods. N. Am., Inc. v. Dagra*, 232 F.R.D. 263, 264 (E.D. Va. 2005) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). To fulfill the due process requirements under FRCP 4(f)(3), a court must approve a method of service that is "reasonably calculated to give notice to defendant." *Id.*

On December 31, 2021, plaintiff filed a motion for order authorizing service of process by email as to certain defendants. (Docket no. 18). In its memorandum in support of its motion, plaintiff established good cause to believe defendants were located abroad and sought a court order authorizing service by email due to plaintiff's inability to determine defendants' identities and physical locations. (Docket no. 20 at 3–4, 7–8). Plaintiff also established that service of process by email would be likely to reach defendants. *Id.* at 4–5. On January 21, 2022, the court granted plaintiff's motion for order authorizing service of process by email as to certain defendants and permitted plaintiff to serve defendants by email with each email containing a summons, a copy of the court's order authorizing service of process by email, and a copy of the complaint. (Docket no. 34). On March 29, 2022, plaintiff filed a declaration affirming that it served the defendants by email with the amended complaint, summons, and motion for

preliminary injunction on March 28, 2022. (Docket no. 72). Based on the foregoing, the undersigned magistrate judge recommends a finding that service of process has been accomplished in this action.

### Grounds for Entry of Default

In accordance with FRCP 12(a), the remaining defendants were required to file a responsive pleading by April 18, 2022, twenty-one (21) days after plaintiff served defendants by email as instructed by the court. (Docket no. 34). No responsive pleading has been filed by any of the remaining defendants and the time for doing so has expired. On April 27, 2022, plaintiff filed a request for entry of default (Docket no. 77) and the Clerk of Court entered a default against the remaining defendants on May 3, 2022 (Docket no. 80). Accordingly, the undersigned magistrate judge recommends a finding that the remaining defendants were properly served, that they failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to the remaining defendants.

### Liability

According to FRCP 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because the remaining defendants are in default, the factual allegations in the amended complaint are deemed admitted. *See* FRCP 8(b)(6); *GlobalSantaFe Corp.*, 250 F. Supp. 2d at 613 n.3. Plaintiff alleges claims for trademark infringement and counterfeiting and false designation of origin and unfair competition under the Lanham Act (15 U.S.C. §§ 1114, 1125(a)) (Counts I and II), and patent infringement under federal patent laws (35 U.S.C. §§ 101, *et seq.*) (Count III).

I.   **Trademark Infringement and Counterfeiting (Count I) and False Designation of Origin and Unfair Competition (Count II)**

Plaintiff has established defendants' liability for trademark infringement and counterfeiting (Count I) and false designation of origin and unfair competition (Count II).  A party is liable for trademark infringement and counterfeiting when that party, without the consent of the trademark registrant, "use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive."  15 U.S.C. § 1114(1)(a).  Similarly, a party is liable for false designation of origin when that party's use of a trademark is "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person."  15 U.S.C. § 1125(a)(1)(A).  In order to prevail on a claim for trademark infringement under the Lanham Act, a plaintiff must establish: "(1) that it owns a valid mark; (2) that the defendant used the mark 'in commerce' and without plaintiff's authorization; (3) that the defendant used the mark (or an imitation of it) 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services; and (4) that the defendant's use of the mark is likely to confuse consumers."  *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 152 (4th Cir. 2012) (quoting 15 U.S.C. §§ 1114, 1125(a)); *see also Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC*, 507 F.3d 252, 259 (4th Cir. 2007); *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001).

Plaintiff's registered trademarks are valid trademarks.  As alleged in the amended complaint, plaintiff has federally registered the HUGGLE and HUGGLE PETS trademarks with the U.S. Patent and Trademark Office ("USPTO").  (Am. Compl. ¶ 14; *see also* Exhibit 1,

Docket no. 7).  Registration of a trademark with USPTO serves as *prima facie* evidence of the validity of the marks.  *Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1529 (4th Cir. 1984).  The *prima facie* evidence of validity is unrebutted, as the remaining defendants are in default. Therefore, the HUGGLE and HUGGLE PETS trademarks are valid trademarks.  Plaintiff has also established that the remaining defendants used the HUGGLE and HUGGLE PETS trademarks in commerce without plaintiff's authorization.  (Am. Compl. ¶¶ 19–28, 34–35, 45– 56).  Plaintiff has shown that the remaining defendants used the HUGGLE and HUGGLE PETS trademarks "in connection with the sale, offering for sale, distribution, or advertising" of goods by offering for sale and selling counterfeit HUGGLE products.  *Id.*

Plaintiff has also established that defendants' use of the HUGGLE and HUGGLE PETS trademarks is likely to confuse consumers.  In assessing the likelihood of confusion in a trademark infringement case, the Fourth Circuit has identified nine factors that should be considered: (1) the strength or distinctiveness of plaintiff's mark; (2) the similarity of the parties' marks; (3) the similarity of the goods or services that the marks identify; (4) the similarity of the facilities used by the parties; (5) the similarity of advertising used by the parties; (6) defendant's intent; (7) actual confusion; (8) the quality of defendant's product; and (9) the sophistication of the consuming public.  *George & Co. LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 393 (4th Cir. 2009) (citing *Pizzeria Uno Corp.*, 747 F.2d at 1527 (identifying factors one through seven); *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 463–64 (4th Cir. 1996) (identifying factors eight and nine)).  Not all of these factors will be relevant in every trademark dispute, and there is no need for each factor to support plaintiff's position on the likelihood of confusion issue.  *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 933 (4th Cir. 1995).

Regarding the first factor, the HUGGLE and HUGGLE PETS marks have acquired considerable strength and brand loyalty because plaintiff has expended significant resources in advertising, promoting, marketing, and developing HUGGLE products. (Am. Compl. ¶¶ 13, 16). The HUGGLE and HUGGLE PETS marks identify plaintiff's HUGGLE products as being manufactured according to plaintiff's high-quality standards and are therefore associated with a positive market reputation and considerable consumer goodwill. *Id.* Regarding the second factor, the remaining defendants' counterfeit products include exact replicas of plaintiff's trademarks, and defendants used plaintiff's HUGGLE and HUGGLE PETS trademarks in the content, text, and/or meta tags of the websites, as well as in the product listings of counterfeit goods. (Am. Compl. ¶¶ 22, 28). Regarding the third factor, defendants' counterfeit products appear to be exact copies of plaintiff's products in their sales listings and are purchased by consumers undoubtedly for the same purpose as the actual HUGGLE products are designed. (Am. Compl. ¶ 22; *see also* Exhibits 3–4, Docket nos. 9–10). Regarding the fourth and fifth factors, defendants' internet stores are designed to appear to be authorized online retailers, outlet stores, or wholesalers, and the product listings include titles and descriptions that would trigger their listings when consumers search for HUGGLE products online. (Am. Compl. ¶ 27–28). Regarding the sixth factor, the remaining defendants clearly intend to deceive customers into believing their counterfeit products are genuine HUGGLE products. (Am. Compl. ¶¶ 5, 26, 33). Accordingly, the undersigned recommends a finding that plaintiff has established a likelihood of confusion, entitling plaintiff to relief under the Lanham Act.

## II.   Patent Infringement (Count III)

As an initial matter, it is unclear whether plaintiff's patent infringement claims apply to each of the defendants that are included in its motion for default judgment. Plaintiff alleges that

defendants have infringed its HUGGLE PETS patents by producing convertible toy hoodies for children that are the same, or substantially the same, as plaintiff's HUGGLE PETS products. (Am. Compl. ¶ 36). In support of its claims, plaintiff filed screenshots of defendants' online stores reflecting the allegedly infringing products. (Exhibits 3–8, Docket nos. 9–14). Several of these exhibits reflect defendants' sales of apparel seemingly unrelated to plaintiff's HUGGLE PETS products, including blanket hoodies and slipper socks for teens and adults. (Docket nos. 9 at 37–40, 49–50, 64–68, 79–85; 10 at 4–6, 14–22, 28–34, 43–53, 62–67, 72–77). While it is apparent that many of the defendants at issue sold products that allegedly infringe on plaintiffs' HUGGLE PETS patents, plaintiff's claim that *all of* the defendants infringed on its patents is supported only by its allegations in the amended complaint. (*See* Am. Compl. ¶¶ 36–41).

To the extent that the factual allegations supporting plaintiff's patent infringement claims apply to all of the defendants, plaintiff has established their liability for patent infringement. A party is liable for patent infringement when that party, without the consent of the patent owner, "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." 35 U.S.C. § 271(a). To determine whether a design patent has been infringed, courts apply the "ordinary observer" test, "which provides that 'if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.'" *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1129 (Fed. Cir. 2019) (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)).

Plaintiff is the owner of several design patents for its HUGGLE PETS products. (Am. Compl. ¶¶ 4, 17–18; *see also* Exhibit 2, Docket no. 8). Defendants have, without a license or authorization, sold convertible toy hoodies that are substantially the same as plaintiff's HUGGLE PETS products. (Am. Compl. ¶¶ 36–39). That defendants' counterfeit products are substantially the same as plaintiffs' HUGGLE PETS products can be established through a side-by-side comparison of the products.



U.S. Design Patent D881,518 S1

Infringing and Counterfeit Product

**Infringing and Counterfeit Product**



U.S. Design Patent D881,519 S1

| | Infringing and Counterfeit Product |
|---|---|



U.S. Design Patent D881,520 S1



**Infringing and Counterfeit Product**

U.S. Design Patent D881,521 S1





U.S. Design Patent D881,522 S1

Infringing and Counterfeit Product





Infringing and Counterfeit Product

U.S. Design Patent D881,525 S1



**Infringing and Counterfeit Product**

U.S. Design Patent D881,529 S1

(Am. Compl. ¶¶ 37–38).  A side-by-side comparison of the products at issue shows that the resemblance is such that an ordinary observer could easily be induced to purchase defendants' products based on the mistaken belief that they are genuine HUGGLE PETS products.  *See Columbia Sportswear*, 942 F.3d at 1129.  Accordingly, the undersigned recommends a finding that plaintiff has established the remaining defendants' liability for patent infringement.

## Relief

Plaintiff seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116(a), statutory damages pursuant to 15 U.S.C. § 1117(c)(2), and an order compelling PayPal, Inc., Wish, and

Alipay to transfer to plaintiff funds held in the remaining defendants' accounts in partial payment of any damages award resulting from a default judgment in its favor.[3]   (Docket no. 82 at 21–26).

**Permanent Injunction**

The Lanham Act provides the court the power to grant injunctions, "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a).  In order for the court to provide injunctive relief, a plaintiff must demonstrate 1) irreparable harm, 2) the inadequacy of a legal remedy (monetary damages), 3) a weight in its favor when balancing hardships, and 4) that the public would not be disserved by making the injunction permanent.  *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–13 (1982); *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)).

Plaintiff has established the requirements for injunctive relief.  The Fourth Circuit has found that "irreparable injury regularly follows from trademark infringement." *Lone Star Steakhouse*, 43 F.3d at 939.  As alleged in the amended complaint, plaintiff is suffering irreparable harm as a result of the remaining defendants' use of the HUGGLE trademarks in connection with the advertising, distribution, offering for sale, and sale of counterfeit HUGGLE products, which has caused confusion, mistake, and deception among consumers.  (Am. Compl. ¶¶ 27–28, 35).  No adequate remedy at law will compensate for that irreparable harm caused to

---

[3] In its amended complaint, plaintiff also seeks reasonable attorneys' fees and costs. (Docket no. 59 at 28).  Plaintiff does not request attorneys' fees or costs in its memorandum in support of its motion for default judgment.  Because plaintiff has not detailed either its attorneys' fees or costs, the undersigned does not recommend an award of either at this time.  Plaintiff may, however, submit a bill of costs pursuant to 28 U.S.C. § 1920 once a judgment has been entered as FRCP 54(d)(1) and 15 U.S.C. § 1117(a) provide that a prevailing party is entitled to an award of costs.

the reputation and goodwill associated with plaintiff's HUGGLE trademarks. (Am. Compl. ¶¶ 50–51, 56). The balance of harms favors plaintiff because the HUGGLE trademarks are plaintiff's federally registered trademarks and plaintiff is injured every time defendants make or attempt to make a sale of counterfeit HUGGLE products. (Am. Compl. ¶¶ 13–16, 34–35, 51). Being enjoined from infringing on trademarks through willfully counterfeiting those trademarks and the products associated with them is not a valid hardship, and the public interest is served in avoiding consumer confusion. *See Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 594 (E.D. Va. 2008) (citing *Bowe Bell & Howell Co. v. Harris*, 145 F. App'x. 401, 404 (4th Cir. 2005); *JTH Tax, Inc. v. Lee*, 514 F. Supp. 2d 818, 826 (E.D. Va. 2007)).

Based on the foregoing, the undersigned magistrate judge recommends an order permanently enjoining the remaining defendants against making, using, selling, or offering for sale any products that infringe the HUGGLE and HUGGLE PETS trademarks and patents.

**Statutory Damages**

The Lanham Act provides that a "plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover . . . an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c). A "counterfeit mark" is defined as "a counterfeit of a mark that is registered on the principal register . . . and that is in use." 15 U.S.C. § 1116(d)(1)(B)(i). The Fourth Circuit has found that the 15 U.S.C. § 1117 "confers a great deal of discretion on a district court in

fashioning a remedy for Lanham Act violations." *Larsen v. Terk Techs. Corp.*, 151 F.3d 140, 149–50 (4th Cir. 1998).  As other district courts have noted, "[t]hese damages 'are intended to deter wrongful conduct, and may be particularly appropriate in cases of default judgment because of non-disclosure by the infringer.'" *Cabinet Discounters, Inc. v. Serkisian*, 2017 WL 2930461, at *1 (D. Md. July 10, 2017) (citing *Union of Orthodox Jewish Congregations of Am. v. The Wilder Spice Co.*, 2008 WL 4372012, at *1 (D. Md. Sept. 10, 2008)).

Plaintiff requests the maximum statutory award of $2,000,000.00 "for each and every use" of the HUGGLE trademarks by each defendant.  (Docket nos. 59 at 28, 82 at 22).  Because there are four (4) HUGGLE trademarks at issue, plaintiff claims that it would ordinarily be entitled to statutory damages of $8,000,000 per remaining defendant.  (Docket no. 82 at 22).  At a minimum, plaintiff requests an award of $2,000,000 for the use of one counterfeit mark, which it alleges "will be sufficient to repair the harm done to Plaintiff and to serve the goal to dissuade Defendants and others from partaking in such willful counterfeit use in the future." *Id.*  As alleged in the amended complaint, every remaining defendant offered to sell, sold, and continues to sell, counterfeit products bearing plaintiff's HUGGLE trademarks.  (Am. Compl. ¶¶ 20, 24, 34–35).  In addition, plaintiff has alleged sufficient facts to support a finding that the remaining defendants have and are willfully counterfeiting the HUGGLE trademarks.  For example, the remaining defendants have taken actions to conceal their identities including by using multiple fictitious names, business names, and addresses to register and operate their network of Internet stores.  (Am. Compl. ¶¶ 29–34).  Defendants also perpetuate an illusion of legitimacy by purporting to offer "customer service" and using indicia of authenticity and security that consumers associate with authorized retailers to deceive unknowing consumers into believing that they are purchasing genuine HUGGLE products.  (Am. Compl. ¶ 27).

33

Given the nature of this default proceeding, the record does not provide an accurate estimate of the scope of the remaining defendants' infringing conduct. Plaintiff represents in its amended complaint that the defendants are "selling these counterfeit goods by the thousands," but plaintiff failed to provide evidence in support of this statement. (Am. Compl. ¶¶ 22–23). Plaintiff only provided evidence that each of the remaining defendants sold one type of product each that was infringing on plaintiff's HUGGLE trademarks. (*See* Exhibits 5–8, Docket nos. 11–14). The actual number of sales made by the remaining defendants is unclear. While 15 U.S.C. § 1117(c)(2) provides for "not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just," that is the maximum amount allowed and should be reserved for the most heinous infringers.

While the undersigned recognizes the severity of the remaining defendants' willful misconduct and the need for an adequate deterrent against future misconduct, the record does not support an award of the maximum amount in statutory damages. The maximum damages award would amount to $2,000,000.00 for each defendant because plaintiff has only offered evidence that each defendant sold one type of infringing product bearing plaintiff's HUGGLE trademarks.[4] Because the scope of the sales of the counterfeit products by the remaining defendants is unclear, an award of the maximum statutory amount is inappropriate. Accordingly, to properly combat trademark infringement and deter other individuals or corporations from infringing plaintiff's trademarks, the undersigned magistrate judge recommends entry of a judgment in the amount of $100,000.00 against each remaining defendants in favor of plaintiff

---

[4] Given the recommendation on the joinder issue discussed above, the undersigned will not address the question of whether the maximum relief that could be obtained in this action against all 187 remaining defendants would be a judgment of $2,000,000 that would be joint and several since the defendants were allegedly acting in concert through a single conspiracy.

for statutory damages pursuant to 17 U.S.C. § 1117(c)(2) for infringement of the HUGGLE trademarks for a total judgment of $18,400,000.00.

**Satisfaction of Judgment**

Plaintiff seeks a court order transferring the assets held in the remaining defendants' PayPal, Wish, and Alipay accounts to partially satisfy the monetary judgment. (Docket no. 82 at 23–26). On April 4, 2022, the court granted plaintiff's motion for preliminary injunction, continuing to freeze all PayPal, Wish, and Alipay accounts associated with the defendants identified in Schedule A to the complaint.[5] (Docket no. 76). Now that plaintiff is seeking a dispositive judgment in its favor, it seeks to transfer the assets from those frozen accounts to partially satisfy a monetary judgment, given that it is unlikely that it could enforce a U.S. court's judgment in whatever foreign courts it could successfully summon the remaining defendants, and even less likely that it could locate the remaining defendants or any assets they may hold. (Docket no. 82 at 23–26). Other courts have granted this form of relief to satisfy monetary judgments in similar counterfeiting cases. *See, e.g.*, *Juul Labs, Inc. v. Unincorporated Ass'ns Identified in Schedule A*, 2019 WL 1510321, at *1 (E.D. Va. April 5, 2019); *Am. Bridal & Prom Indus. Ass'n, Inc. v. Jollyprom.com*, 2018 WL 1226106, at *5–6 (D.N.J. Mar. 9, 2018); *Luxottica Grp. S.P.A. v. Zhou Zhi Wei*, 2017 WL 6994587, at *3 (N.D. Ill. Sept. 12, 2017); *Abercrombie & Fitch Trading Co. v. a4bag.com*, 2012 WL 12552676, at *3 (S.D. Fla. Nov. 19, 2012). Given that plaintiff is unlikely to enforce and collect the entirety of the statutory damages sought, the undersigned recommends that the court order PayPal, Inc., Wish, and Alipay to transfer any monies currently restrained in the remaining defendants' financial accounts to plaintiff.

---

[5] The court originally instituted a freeze on the associated accounts on January 14, 2022 through a temporary restraining order, which was extended on January 27, 2022 and February 10, 2022. (Docket nos. 32, 41, 51)

**Conclusion**

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of Ontel Products Corporation ("plaintiff") and against the following defendants pursuant to Count I alleging trademark infringement and counterfeiting (15 U.S.C. § 1114), Count II alleging false designation of origin and unfair competition (15 U.S.C. § 1125(a)), and Count III alleging patent infringement (35 U.S.C. § 271(a)):

| No. | Defendant Store Name | Defendant Email |
|-----|---------------------|-----------------|
| 1 | bernardgme-0 | bernardogomezperez@hotmail.com |
| 2 | bloomstore-24 | handy88882011@outlook.com |
| 3 | chadecke_8 | deckerchad1@gmail.com |
| 4 | directshopia | sales@electronicsoz.com |
| 7 | gadgets_cart | hiruekanayake72@gmail.com |
| 8 | goking-zack | gokingzack@gmail.com |
| 9 | haboutek_0 | habibaat@live.fr |
| 10 | i-shop-online-outlet | ishoponlineoutlet@gmail.com |
| 12 | kavnu0 | kavinda.nuvan.999@gmail.com |
| 14 | ousech-11 | oussama.echali@gmail.com |
| 15 | rafe-store | rafaahilf11@gmail.com |
| 17 | the-best4u | oula974@hotmail.com |
| 18 | xuzhijiestore-1 | 894098523@qq.com |
| 21 | Anshopps | antoniadpnda@gmail.com |
| 22 | efdqdqw | qie968@sina.com |
| 24 | faes | eaucnsjdogj868@gmail.com |
| 25 | Fanny skincare | qianjie10yujie@163.com |
| 26 | Floating | ggjngvchristopher71@gmail.com |
| 27 | gjvm | 3074153807@qq.com |
| 28 | Jaycjohnso | 3074153807@qq.com |
| 29 | jinyuchengyu | huajucuxu1972ynt@163.com |
| 30 | KongzouyifC | tanzhunlu31734@163.com |
| 31 | kuqilighting | mjz0907@outlook.com |
| 32 | lizhenzhen970409 | gflotzi9z8@163.com |
| 33 | LucieDeFlowerStore | luciede@qq.com |
| 34 | Motocross Tiger | 2085377255@qq.com |
| 35 | Richemont | paretooptimality@hotmail.com |
| 36 | schaef | cdsjp67zznx@163.com |

| 37 | shigang2020 | maozhipeng107@163.com |
|----|-------------|------------------------|
| 38 | Sunshine clothing shop | sum0103@163.com |
| 39 | TIANJ | 2047997074@qq.com |
| 40 | wencheng88 | yewencheng75@163.com |
| 41 | WenzhaosiluhS | sfjq96@163.com |
| 42 | Zchenliang | Zchenliang |
| 43 | zltzsm | 17492810@qq.com |
| 45 | 321GO Store | hjngffd@sina.com |
| 46 | A to the Z yo Store | zmht0015@163.com |
| 47 | A-Forward Party Mask Store | newcoming14@126.com |
| 48 | Ali Dropshipping Store | liwk87932f@yahoo.com |
| 49 | AliExpress Baby Store | store07@muzhe.onaliyun.com |
| 50 | aliexpress women clothes Store | lunjunnig1@163.com |
| 51 | Ami clothes0806 Store | yangcuicanwc6@163.com |
| 52 | Annabella baby Store | annabelle2021@dingtalk.com |
| 53 | AOFUTEX Store | junielcao@foxmail.com |
| 54 | appletree Store | sure_vvfs@163.com |
| 55 | babaxing 520 Store | 498258673@qq.com |
| 56 | babble Store | guanghai85@126.com |
| 57 | Beautiful Surprise Store | huyanhuan7548@dingtalk.com |
| 58 | BeautyLady Shop Store | yangjunyong162@sina.com |
| 59 | Bellababy Store | bellababy2021@dingtalk.com |
| 61 | BlueQ Store | xushiming011@126.com |
| 62 | Bo-bo Lover Store | runfaqunf0@163.com |
| 63 | CAIDA Store | caiwu1@zghzsm.cn |
| 65 | Child education Store | 705567013@qq.com |
| 66 | ChildhoodMemory Store | 1877017729@qq.com |
| 67 | Chimpanzee Store | zhengtiaoz45659@163.com |
| 69 | CHUNJIAN Official Store | 3240564025@qq.com |
| 70 | CHUWUJU Living Store | dengdeile@outlook.com |
| 71 | CLAINTEKS<br>CLAINTEKS Apparel Store | 1322146648@qq.com |
| 72 | Combhasaki Official Store | tongjingf8@163.com |
| 73 | Comfort-home Store | a_min4u@163.com |
| 74 | CoreLong Store | chiproundstore2@aliyun.com |
| 75 | cozy life~ Store | 2066630768@qq.com |
| 76 | Cycling Shop Store | kin0li8xu7an@sina.com |
| 78 | daily life~ Store | 2639404615@qq.com |
| 79 | dailylife~~ Store | 2677073696@qq.com |

| 81 | dear~life Store | 2256957852@qq.com |
|----|----------------|-------------------|
| 82 | Discoball Store | e.acevalue@gmail.com |
| 83 | DOONALL Direct Store | 417966255@qq.com |
| 84 | Dream 4 Ever Store | tommywxmm@gmail.com |
| 85 | Dreamhunter Apparel Store | zmht01@163.com |
| 86 | DreamHunter Sporting Store | zmht04@163.com |
| 87 | Dropship Elk Store | 3336450027@qq.com |
| 88 | Dropshippingagent Store | shira@sourcingagentpro.com |
| 89 | DropShippingChoice Store | sale3@ibeddingset.com |
| 90 | Dula-Dula Store | tongzhen04@qq.com |
| 91 | E-Buy Kids Store | tongzhen05@qq.com |
| 92 | EuerDODO Store | jiatang_88@163.com |
| 93 | Famouse Surprise Stor | supermask@dingtalk.com |
| 94 | FANHHUI Store | fan624624@foxmail.com |
| 95 | First Choices Store | wenruohan123@163.com |
| 96 | ForKid Store | xushiming0007@163.com |
| 97 | Gi.Amagi loisfit Store | 2399757796@qq.com |
| 98 | Girl's Clothes Store | yinquxulvf744@163.com |
| 99 | GoldQ Store | xushiming012@126.com |
| 100 | Goldtoy Store | shijiao0611@163.com |
| 101 | Goocheer Clothes Store | toyou5588_669@tom.com |
| 103 | Goodlife Furnitures House Store | fd01@zadwl.com |
| 104 | Gwiyeopda Official Store | chenjingzheng124@sina.com |
| 105 | Happyin Houseware Store | banguantrade@163.com |
| 106 | HeTianXia Store | moonbiffy04@163.com |
| 107 | Hey Hang Store | gangzhuuq6292@163.com |
| 109 | Honeyed Raspberry Store | baohuiyang_88@163.com |
| 110 | House Drop Shipping Store | huihu_4562@sina.com |
| 111 | House Wander Store | iweiweiluo@126.com |
| 112 | Hug Seasons Store | xmkdq008@163.com |
| 113 | hyuuga online Store | hankleee@sina.com |
| 114 | i House Store | yijiaqingjie@hotmail.com |
| 115 | ibuyonline Store | tuohai2020@126.com |
| 116 | IFOUSF&M Store | yiu334254f3d@yahoo.com |
| 117 | Imcute Factory Store | donlvo78@yahoo.com |
| 119 | JennieKim Store | kuinengs5@163.com |
| 120 | JESSIC Store | 1785971607@qq.com |
| 121 | JiaJu3A Store | n18871855548@163.com |
| 122 | Kiddie Store | tongzhen01@qq.com |

| 123 | Kigurumi Kids Store | kigurumi@dingtalk.com |
|-----|---------------------|----------------------|
| 125 | KUBUG Outdoor Store | kubug2021@163.com |
| 126 | Lism Global Store | pzg4163584631@163.com |
| 127 | Little Bitty Official Store | ae-lb@tinaluling.com |
| 128 | Liyufan Mother&Baby Products Store Store | 449088687@qq.com |
| 129 | LLady Secret Store | zhenxiate766@163.com |
| 130 | LovelyGirls Store | dongshenglong148@sina.com |
| 131 | Luck Rabbit Store | wl61725203@163.com |
| 132 | LuluOrange Store | m17378291448@163.com |
| 133 | MacJay Store | bangpingkic057@163.com |
| 134 | Magica Women Store | hfkbxhvxkvns87@yahoo.com |
| 136 | MHORLX Legendary Store | 383401280@qq.com |
| 137 | Miniko Toy Store | 775108207@qq.com |
| 138 | MomSusy's baby Store | momsusannewbegin@outlook.com |
| 139 | Montessori Baby Store | 2281588041@qq.com |
| 140 | MOSU Store | yiwuyueyuemaoyi2@163.com |
| 141 | Newly Trend Store | km597u@163.com |
| 142 | ONE LINE FOX Official | xiaoqiqisale@hotmail.com |
| 143 | Pandora1982 Store | rangmaogecw702@163.com |
| 144 | phoebe cat Official Store | phoebe-cat@qq.com |
| 145 | Pleasant cloth Store | yw20201030@163.com |
| 146 | QQ123 Store | feixiebaik22@163.com |
| 147 | Quality life~ Store | 1829219869@qq.com |
| 148 | Realovely Store | 2144234296@qq.com |
| 149 | Seu Outdoor Store | sfsf64546wwff@sina.com |
| 150 | Shenzhen RDF Store | tomwubin@outlook.com |
| 151 | Shop2836091 Store | 409933219@qq.com |
| 152 | Shop3622155 Store | zhenglanglang06@163.com |
| 154 | Shop4390025 Store | jinglirongd@163.com |
| 155 | Shop4445037 Store | xuyicheng26@sina.com |
| 156 | Shop4517009 Store | 409349868@qq.com |
| 158 | Shop5057107 Store | yangcuicanwc6@163.com |
| 159 | Shop5138083 Store | 15650172377@sohu.com |
| 160 | Shop5157050 Store | ellaping1990@sina.com |
| 161 | Shop5243165 Store | shining1122@hotmail.com |
| 162 | Shop5246286 Store | ninetieth6@126.com |
| 163 | Shop5380101 Store | 201844837@qq.com |

| 164 | Shop5557057 Store | jasmine20191219@sina.com |
| 166 | Shop5797725 Store | jasmine20200325@sina.com |
| 167 | Shop910372114 Store | ibanguan@163.com |
| 168 | Shop910438090 Store | qxu17351730554@163.com |
| 169 | Shop910913003 Store | 947496086@qq.com |
| 170 | Shop911042023 Store | 2439664348@qq.com |
| 171 | Shop911062022 Store | xuyanxi6@163.com |
| 172 | Shop911120255 Store | 1323676817@qq.com |
| 173 | Shop911134167 Store | smtwhdz@sina.com |
| 174 | Shop911215010 Store | 1697970178@qq.com |
| 175 | Shop911251089 Store | shengshende_055@tom.com |
| 176 | Shop911377113 Store | tengyi1232021@163.com |
| 177 | Shop911511149 Store | lanshuihe1982@126.com |
| 178 | Si Bao Store | 2162543372@qq.com |
| 179 | SIKADING Store | sikading@163.com |
| 180 | Small Koala Store | shunhe667@126.com |
| 181 | SnowFox Store | candy_20040424@163.com |
| 182 | Suerte Happyness Store | iweiweiluo@163.com |
| 183 | Suncolourful Store | christmastree@threescat.com |
| 184 | Sunshine-Two Store | 335914662@qq.com |
| 185 | Sunshiny Goddess Store | xianjiane5014@163.com |
| 186 | Surprise Me Store | surprise01@tinaluling.com |
| 187 | SusyFashion Baby Store | dorainternation@163.com |
| 188 | sweethomesuit Store | 2985195840@qq.com |
| 189 | sweety baby~ Store | 2669557477@qq.com |
| 190 | sweety clothes Store | 3197960935@qq.com |
| 191 | TC Makeup Organizer Store | 2177449186@qq.com |
| 192 | TC XRC Store Store | tchy20210818@163.com |
| 193 | The Girl 2019 Store | qiaooes08@163.com |
| 194 | The Girl 2021 Store | qiaooes08@163.com |
| 195 | tianmei Store | mry12223333@163.com |
| 196 | TZoom Store | tongzhen02@qq.com |
| 197 | Unicornio Pijamas Store | 2076498683@qq.com |
| 198 | V-TREE TAOZONE Store | sure_vvfs@163.com |
| 199 | Waroom Shop 01 Store | 17763077686@163.com |
| 200 | WOCA Garment Store | yuchenhanbao@126.com |
| 202 | xiaoxiannv Store | yinyingdsd546@tom.com |
| 203 | YoHola Store | tongzhen03@qq.com |

| 204 | You Are So Beautiful Tonight Store | chenjingzheng126@sina.com |
| 205 | YOUFULAI Indoor & Outdoor Life Store | 1334200625@qq.com |
| 206 | Your PDR Store store | andy@hktobys.cn |
| 207 | YOYOHOME Store | 398312488@qq.com |
| 208 | YX of luggage Store | yanxikeji21@163.com |
| 209 | zakona 2bikini Store | alicia8785@hotmail.com |
| 210 | ZhiXi Xu Store | 3046652919@qq.com |

The undersigned recommends that the above defendants be permanently enjoined against making, using, selling, or offering for sale any products that infringe the HUGGLE trademarks and patents at issue in this litigation. The undersigned further recommends that a judgment in the amount of $100,000.00 be entered against each of the above defendants in favor of plaintiff for statutory damages pursuant to 17 U.S.C. § 1117(c)(2) for a total judgment of $18,400.000. The undersigned further recommends that the court order PayPal, Inc., Wish, and Alipay to transfer any monies currently restrained in the above defendants' financial accounts to be released to plaintiff. Finally, the undersigned recommends that the claims against the remaining 14 defendants not included in plaintiff's motion for default judgment be dismissed without prejudice.[6]

<u>**Notice**</u>

Plaintiff is directed to email a copy of this proposed findings of fact and recommendations to the remaining defendants' listed email addresses and file a certification stating the date the emails were sent. By means of the court's electronic filing system and upon confirmation that plaintiff has emailed a copy of this proposed findings of fact and

---

[6] Those 14 defendants are +7 Store (no. 44), Beyond Imagination Store (no. 60), CC2019 Store (no. 64), CHRONSTYLE Official Store (no. 68), Dargon store Day Day UP Store (no. 80), Good Wardrobe Store (no. 102), Hirigin Clothes Store (no. 108), Jedy'sHalo Store (no. 118), KK Clothes Store (no. 124), Meihuida Secretland Store (no. 135), Shop3906017 Store (no. 153), Shop4996387 Store (no. 157), Wom Freeshipping Store (no. 201), and ZSZS Store (no. 211).

recommendations to the remaining defendants' listed email addresses, the parties are notified

that objections to this proposed findings of fact and recommendations must be filed within

fourteen (14) days of service of this proposed findings of fact and recommendations and a failure

to file timely objections waives appellate review of the substance of the proposed findings of fact

and recommendations and waives appellate review of any judgment or decision based on this

proposed findings of fact and recommendations.

ENTERED this 12th day of August, 2022.

                                        _____/s/_____
                                        John F. Anderson
                                        United States Magistrate Judge
                                        John F. Anderson
                                        United States Magistrate Judge

Alexandria, Virginia